UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JAIRO MERCHAN,
and other similarly-situated individuals,

v.

TELEMUNDO NETWORK GROUP, LLC
d/b/a TELEMUNDO MEDIA
and JONATHAN MONEYHUN,
individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JAIRO MERCHAN, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants TELEMUNDO NETWORK GROUP, LLC d/b/a TELEMUNDO MEDIA, and JONATHAN MONEYHUN, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337, by Title 29 U.S.C. § 201-219, the Fair Labor Standards Act, "the Act" (Section 216 (b) for jurisdictional placement).

2. Plaintiff JAIRO MERCHAN is a resident of Broward County; Plaintiff is a covered employee for purposes of the Act.

3. Defendant TELEMUNDO NETWORK GROUP, LLC d/b/a TELEMUNDO MEDIA (hereinafter TELEMUNDO, or corporate Defendant) is a foreign for profit corporation, registered to do business in Florida. Defendant has its place of business in Dade County, within the jurisdiction of this Court. At all times material hereto, Defendant TELEMUNDO was and is engaged in interstate commerce.

4. The individual Defendant JONATHAN MONEYHUN was and is now Manager of the Technical Operations Center of TELEMUNDO. This individual was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)],

5. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff JAIRO MERCHAN as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2014, (the "material time") without being compensated.

7. Corporate Defendant TELEMUNDO is a Spanish-language television network.

8. Defendant TELEMUNDO employed Plaintiff JAIRO MERCHAN as a full time, non-exempt hourly employee from approximately September 5, 2011 to January 24, 2017,

or more than 5 years. For FLSA purposes Plaintiff's relevant period of employment is 151 weeks.

9. Plaintiff performed as a broadcasting equipment technician. Plaintiff wage rate was $25.75, $26.26, and $27.23 an hour. Plaintiff worked under the supervision of Manager of the Technical Operation Center JONATHAN MONEYHUN. Plaintiff main duty was the maintenance of the broadcasting equipment.

10. While employed by Defendants, Plaintiff worked consistently more than 40 hours or more every week period and he was paid for overtime hours at the correct rate. However, each week Plaintiff worked at least 2.5 off-the clock hours that were not paid at any rate,

11. Plaintiff had a regular schedule and clocked in and out. He worked 5 days per week in shifts from 5:00 AM to 2:00 PM (9 hours) and form 3:00 PM to 12:00 AM (9 hours). In fact, at least four days per week, Plaintiff reported to work 4: 45 AM or earlier, he began to work immediately, but he had to wait to clock in according to schedule. When Plaintiff finished his shift he clocked out according to his schedule, but he always was required to work at least 15 minutes after he clocked out. These off-the clock hours represented 2 unpaid additional hours every week.

12. In addition, Plaintiff was deducted one hour daily of lunch-time, however, at least 3 time per week, Plaintiff was not able to take his lunch hour. These hours constitute 3 unpaid hours.

13. Therefore, during his employment with Defendant TELEMUNDO, Plaintiff JAIRO MERCHAN, worked an average of 5 off-the clock overtime hours that were not properly compensated.

14. On or about December 22, 2016, Plaintiff was required to stay working late with his boss JONATHAN MONEYHUN, that day Plaintiff worked 10 hours, but he was not credited for that day. Plaintiff complained and sent two e-mails to manager JONATHAN MONEYHUN requesting to be paid his worked hours. Plaintiff's manager did not answered. Thus, Plaintiff went to complain to the payroll office, and then with Human Resources Katherine Coppola, Plaintiff was told that his manager never approved the overtime hour. After some days the problem was fixed.

15. Manager JONATHAN MONEYHUN went on vacation on or about January 23, 2017, and Plaintiff went on vacation from January 16, 2017 to January 23, 2017.

16. As a result of Plaintiff's complaints about his regular and overtime hours, when he returned from vacations on January 24, 2017, manager JONATHAN MONEYHUN took Plaintiff to Human Resources, where HR Katherine Coppola fired Plaintiff using pre-textual reasons and instructed him to go and collect unemployment..

17. Therefore, Defendants failed to pay Plaintiff for overtime hours, and after she complained, Defendants retaliated against him in violation of FLSA regulations.

18. Plaintiff JAIRO MERCHAN seeks to recover unpaid overtime hours, retaliatory damages and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked in excess of forty.

**COUNT I:**

## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a) (1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

20. Plaintiff JAIRO MERCHAN re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This action is brought by Plaintiff and those similarly-situated to recover from the Employers TELEMUNDO unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

22. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant TELEMUNDO is a television network. At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

23. Plaintiff was employed by an enterprise engaged in interstate commerce, and the Plaintiff's work likewise affected interstate commerce Plaintiff was a technician and he regularly engaged in interstate commerce by giving maintenance to television broadcasting equipment.

24. Defendant TELEMUNDO employed Plaintiff JAIRO MERCHAN as a full time, non-exempt hourly employee from approximately September 5, 2011 to January 24, 2017, or more than 5 years. For FLSA purposes Plaintiff's relevant period of employment is 151 weeks.

25. Plaintiff performed as a broadcasting equipment technician. Plaintiff wage rate was $25.75, $26.26, and $27.23 an hour.

26. While employed by Defendants, Plaintiff worked consistently more than 40 hours or more every week period and he was paid for overtime hours at the correct rate. However, each week Plaintiff worked at least 2 off-the clock hours that were not paid at any rate. These off-the clock hours represented 2 unpaid additional hours every week.

27. In addition, Plaintiff was deducted one hour daily of lunch-time, however, at least 3 times per week, Plaintiff was not able to take his lunch hour. These hours constitute 3 unpaid hours extra overtime hours.

28. Therefore, during his employment with Defendant TELEMUNDO, Plaintiff JAIRO MERCHAN, worked an average of 5 off-the clock overtime hours that were not properly compensated.

29. Defendants failed to pay Plaintiff at the rate of time and one half his regular rate for every hour in excess of 40 that she worked in a week period. Plaintiff performed the same or similar duties as that of those other similarly-situated employees, who

Plaintiffs observed worked in excess of 40 hours per week, but that were not paid overtime at the proper rate.

30. The records, if any, concerning the number of hours actually worked by Plaintiff JAIRO MERCHAN, and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

31. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid overtime wages</u>:

   Twenty-Nine Thousand Seven Hundred Seventy-Three Dollars and 80/100 ($29,773.80)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 151 weeks
   Total relevant period of employment: 149 weeks (Plaintiff took 2 weeks off)
   Unpaid off-the clock overtime hours: 5 O/T hours

   **i.   Overtime for 2014 paid @ $25.75 reg. rate for 43 weeks**
   Total number of weeks: 43 weeks
   Total unpaid off-the clock hours worked:  5 hours weekly
   Regular rate: $25.75 x 1.5= $38.62 O/T rate

   O/T rate $38.62 x 5 O/T off-the clock hours=$193.10 weekly x 43 weeks
    = $8,303.30

    **ii. Overtime for 2015 paid @ $26.26 reg. rate for 52 weeks**
    Total number of weeks: 52 weeks
    Total unpaid off-the clock hours worked: 5 hours weekly
    Regular rate: $26.26 x 1.5= $39.39 O/T rate

    O/T rate $39.39 x 5 O/T off-the clock hours=$196.95 weekly x 52 weeks
    = $10,241.20

    **iii. Overtime for 2016 -2017 paid @ $27.73 reg. rate for 54 weeks**
    Total number of weeks: 54 weeks
    Total unpaid off-the clock hours worked: 5 hours weekly
    Regular rate: $27.73 x 1.5= $41.59 O/T rate

    O/T rate $41.59 x 5 O/T off-the clock hours=$207.95 weekly x 54 weeks
    = $11,229.30

    Total i, ii, and iii: $29,773.80

  c. <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents the unpaid off-the clock overtime hours.

32. At all times material hereto, the Employer/Defendant TELEMUNDO failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

33. Defendant TELEMUNDO knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly-situated are entitled to recover double damages.

34. At the times mentioned, individual Defendant JONATHAN MONEYHUN the manager of TELEMUNDO'S Technical Operation Center. Defendant JONATHAN

MONEYHUN was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of TELEMUNDO in relation to their employees, including Plaintiff and others similarly situated. Defendant JONATHAN MONEYHUN had operational control of the department determined terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly liable for Plaintiff's damages.

35. Defendants TELEMUNDO and JONATHAN MONEYHUN willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

36. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAIRO MERCHAN and those similarly-situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JAIRO MERCHAN and other similarly-situated and against the Defendants TELEMUNDO and JONATHAN MONEYHUN on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JAIRO MERCHAN and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

37. Plaintiff JAIRO MERCHAN re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

38. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant TELEMUNDO is a television network. At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

39. Plaintiff was employed by an enterprise engaged in interstate commerce, and the Plaintiff's work likewise affected interstate commerce Plaintiff was a technician and

he regularly engaged in interstate commerce by giving maintenance to television broadcasting equipment.

40. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

41. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

42. Defendant TELEMUNDO employed Plaintiff JAIRO MERCHAN as a full time, non-exempt hourly employee from approximately September 5, 2011 to January 24, 2017, or more than 5 years. For FLSA purposes Plaintiff's relevant period of employment is 151 weeks.

43. Plaintiff performed as a broadcasting equipment technician. Plaintiff wage rate was $25.75, $26.26, and $27.23 an hour.

44. While employed by Defendants, Plaintiff worked consistently more than 40 hours or more every week period and he was paid for overtime hours at the correct rate. However, each week Plaintiff worked at least 2 off-the clock hours that were not paid at any rate. These off-the clock hours represented 2 unpaid additional hours every week.

45. In addition, Plaintiff was deducted one hour daily of lunch-time, however, at least 3 time per week, Plaintiff was not able to take his lunch hour. These hours constitute 3 unpaid hours extra overtime hours.

46. Therefore, during his employment with Defendant TELEMUNDO, Plaintiff JAIRO MERCHAN, worked an average of 5 off-the clock overtime hours that were not properly compensated.

47. On or about December 22, 2016, JONATHAN MONEYHUN requested Plaintiff to stay working late, that day Plaintiff worked 10 hours, but he was not credited for the regular hours nor for the approved overtime hour. Plaintiff complained and sent two e-mails to manager JONATHAN MONEYHUN requesting to be paid his worked hours. Plaintiff's manager did not answered. Thus, Plaintiff went to complaint to the payroll office, and then with Human Resources Catherine Coppola, Plaintiff was told that his manager never approved the overtime hour.

48. These complaints constituted protected activity under the Fair Labor Standards Act.

49. After some days the problem was fixed and Plaintiff was credit for his regular and overtime hour.

50. Manager JONATHAN MONEYHUN went on vacation on or about January 11, 2017, and Plaintiff went on vacation from January 16, 2017 to January 23, 2017.

51. As a result of Plaintiff's complaints about his regular and overtime hours, when he returned from vacations on January 24, 2017, manager JONATHAN MONEYHUN took Plaintiff to Human Resources, where HR Catherine Coppola fired Plaintiff using pre-textual reasons.

52. Therefore, Defendants failed to pay Plaintiff for overtime hours, and after he complained, Defendants retaliated against him in violation of FLSA regulations.

53. Plaintiff JAIRO MERCHAN seeks to recover unpaid overtime hours, retaliatory damages and any other relief as allowable by law.

54. Therefore, Defendant failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

55. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

56. There is closed proximity between Plaintiff's last protected activity and the date of his termination.

57. At the times mentioned, individual Defendant JONATHAN MONEYHUN was the manager of TELEMUNDO'S Technical Operation Center. Defendant JONATHAN MONEYHUN was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of TELEMUNDO in relation to their employees, including Plaintiff and others similarly situated. Defendant JONATHAN MONEYHUN had operational control of the Corporations, determined terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly liable for Plaintiff's damages.

58. Defendants TELEMUNDO and JONATHAN MONEYHUN willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above, and then retaliated against Plaintiff by firing him.

59. The motivating factor which caused Plaintiff's termination as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for his complaint for overtime wages.

60. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

61. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAIRO MERCHAN respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants TELEMUNDO and JONATHAN MONEYHUN that Plaintiff JAIRO MERCHAN recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JAIRO MERCHAN further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff JAIRO MERCHAN demands trial by jury of all issues triable as of right by jury.

Dated: March 20, 2017

>Respectfully submitted,
>
>By: **/s/ Zandro E. Palma**
>ZANDRO E. PALMA, P.A.
>Florida Bar No.: 0024031
>9100 S. Dadeland Blvd.
>Suite 1500
>Miami, FL 33156
>Telephone: (305) 446-1500
>Facsimile: (305) 446-1502
>zep@thepalmalawgroup.com
>*Attorney for Plaintiff*